**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHNNIE C. RAY,

               Plaintiff,              **CIVIL ACTION NO. 06-CV-11694-AA**

   vs.

                              **DISTRICT JUDGE JOHN CORBETT O'MEARA**

CREDIT UNION ONE,       **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
               Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION:** This Court recommends that the Motion to Dismiss for Failure to

State a Claim filed by Defendant Credit Union One and Defendant Bowen Radabaugh and Milton, P.C.

(docket no. 3) be GRANTED, and that the Complaint as to Defendant Butler, Butler and Rowse-

Oberler, P.L.L.C. be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

       It is further recommended that Defendants' Motions to Quash (docket nos. 5 & 8) be DENIED

as moot.

       It is further recommended that Defendants' Motions for Sanctions (docket nos. 3 & 9) be

DENIED.

II.    **REPORT:**

       This matter comes before the Court on several motions filed by the Defendants. On April 24,

2006, Defendants Credit Union One and Bowen Radabaugh and Milton, P.C. filed a Motion to Dismiss

and for Sanctions. (Docket no. 3). All Defendants have filed Motions to Quash Service of Process.

(Docket nos. 5, 8). Finally, Defendant Butler, Butler and Rowse-Oberler, P.L.L.C. has filed a Motion

for Sanctions under Fed. R. Civ. P. 11, joining in part of the other Defendants' motion in docket no.

3. (Docket no. 9). Plaintiff has filed a Response which appears to address all of these motions. (Docket no. 11). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 16).

### A.   Factual Background and Claims

Plaintiff alleges that the reason for his suit is "copyright infringement" under Title 17 of the United States Code. (Docket no. 1 at 1). Plaintiff further alleges that Defendants have "continued to use [his] common-law copyrighted trade-name/trade-mark property Johnnie Charles Ray© as well as derivatives and variations in the spelling." (*Id.*) He states that he has given Defendants several "written notifications" to inform them of their copyright infringement, but they have continued to use his property without compensation. (*Id.*) Defendants have allegedly used his property at least 15 times. Plaintiff seeks a judgment for $7,500,000.00 for copyright infringement. (*Id.* at 2).

### B.   Standard of Review

Defendants have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

### C.   Motions to Dismiss

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim based on several arguments, one of which is that copyright protection is not available for names. (Docket no. 3). Plaintiff's Complaint and his Response make clear that his claim of copyright infringement is based on the Defendants' use of his name. Credit Union One sought to foreclose on Plaintiff's mortgage loan in state court. The law firm of Butler, Butler and Rowse-Oberle, P.L.L.C. was representing Credit

Union One. The other law firm, Bowen Radabaugh and Milton, P.C., entered the state court case when Plaintiff asserted a counterclaim against the Butler law firm apparently for using Plaintiff's copyrighted name without compensation.

Plaintiff's Complaint fails to state a claim for relief because his name is not subject to copyright protection. *See United States v. Rodriguez Ramirez*, 291 F. Supp. 2d 266 (S.D.N.Y. 2003) (in voiding leins placed on federal judge's and prosecutor's property, the court rejected defendant's claim of a common law copyright in his name because common law copyright was substantially preempted by Title 17 of the U.S. Code and because "a name is not a proper subject for copyright"); *Gannon v. Tucknott Miller*, 2006 WL 1793581 (N.D. Ind. June 28, 2006) (finding that person's name does not "exhibit the minimal creativity required for copyright protection," and that common law copyright protection does not exist because it has been preempted by federal law); *Compliance Review Servs., Inc. v. Callista Davis-Osuawu*, 2006 WL 2385291 (S.D. Tex. Aug. 17, 2006) (finding plaintiff failed to state claim for relief because a name is not subject to copyright protection under Title 17); *United States v. DeClerck*, 2003 WL 22716919 (D. Kan. Sept. 18, 2003) (rejecting claim of copyright protection in a name because it does not "constitute an original work of authorship or a derivative work as defined in 17 U.S.C. §§ 102 and 103").

Accordingly, the motion to dismiss for failure to state a claim of Defendant Credit Union One and Bowen Radabaugh and Milton, P.C., should be granted. Defendant Butler, Butler and Rowse-Oberler, P.L.L.C. has not moved to dismiss on this basis. However, because the Court has found that the Complaint fails to state a claim for relief the Court must dismiss this Defendant as well under 28 U.S.C. § 1915(e)(2)(B). Under that section, notwithstanding any filing fee that has been paid, the Court "shall" dismiss the case if it determines that the action fails to state a claim on which relief may be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (recognizing that "even if full filing fee is paid, the district court must dismiss the complaint if it comports with § 1915(e)(2)").

-3-

D.     *Motions to Quash*

Defendants have also moved to quash the service of process because the summons that was served was not signed by the Clerk of Court.  (Docket nos. 5, 8).  Given the above recommendation, these motions should be denied as moot.

E.     *Motions for Sanctions*

Finally, Defendants have moved for sanctions under Fed. R. Civ. P. 11 because Plaintiff filed a frivolous Complaint.  Defendants have failed to show that they provided Plaintiff with the safe-harbor protection of Rule 11.  Absent this showing, the Court cannot award sanctions for a violation of Rule 11.  **The Sixth Circuit has held "that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention."** *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).  These motions should therefore be denied.  Even if the motions were technically proper, this Court would recommend that no sanctions be awarded.

## III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 12, 2006                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 12, 2006                    s/ Lisa C. Bartlett
                                            Courtroom Deputy